**(Doc. # 17 at UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **EMERSON HAMILTON, et al.,** }<br>}<br>**Plaintiffs,** }<br>}<br>v. }<br>}<br>**JUDICIAL CORRECTIONAL SERVICES** }<br>**LLC, et al.,** }<br>}<br>**Defendants.** } | **Case No.: 2:18-cv-00933-RDP** |

## ORDER

This matter is before the court on Plaintiffs' Motion to Remand. (Doc. # 9). Plaintiffs' Motion argues that the court lacks subject matter jurisdiction to hear the claims in this case "pursuant to the rule that has come to be known as the '*Rooker-Feldman* doctrine.'"[1] (Doc. # 9 at 1). Defendants' responses focus on Eleventh Circuit case law holding that the *Rooker-Feldman* jurisdictional bar is "a narrow one." (Doc. # 14 at 1 and Doc. # 17 at 2 (citing *Target Media Partners v. Specialty Marketing Corporation*, 881 F. 3d 1279, 1281 (11th Cir. 2018)); (Doc. # 18 at 1 (joining in Doc. # 17)).

More specifically on point, however, is the Eleventh Circuit's decision in *Thomason v. Alabama Home Builders Licensure Bd.*, 2018 WL 3341663 (11th Cir. July 9, 2018). In that case, the plaintiff filed a complaint in state court alleging various constitutional and civil rights violations and state law claims arising from the defendants' actions in state court to enforce homebuilder licensing laws. *Thomason,* 2018 WL 3341663 at 1. The defendant removed the case asserting that the district court possessed federal question jurisdiction. (*Thomason v. State of*

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

*Alabama Home Builders Licensure Board et al*., United States District Court for the Middle District of Alabama, Case No. 2:15-cv-00026-WKW-WC, Doc. # 1). The plaintiff moved to remand based on a lack of jurisdiction (Case No. 2:15-cv-00026-WKW-WC, Doc. # 7, 117), and the defendants sought dismissal (Case No. 2:15-cv-00026-WKW-WC, Docs. # 10, 18, 35, 37, 38). The court denied the plaintiff's motion to remand (Docs. # 20, 22, 119), but granted the motions to dismiss (Case No. 2:15-cv-00026-WKW-WC, Doc. # 120).

On appeal, Thomason argued that the district lacked jurisdiction over his case based on the *Rooker-Feldman* doctrine, and that it abused its authority in dismissing his complaint under Federal Rule of Civil Procedure 41(b). *Thomason,* 2018 WL 3341663 at 1. The Court of Appeals explained the *Rooker-Feldman* doctrine as follows:

> The *Rooker-Feldman* doctrine precludes a federal court from exercising jurisdiction where success of the federal claim would effectively nullify a state court judgment. *Alvarez v. Att'y Gen. for Fla*., 679 F.3d 1257, 1262-63 (11th Cir. 2012). The lower federal courts lack jurisdiction to review final judgments of state courts, and federal review of such judgments may only be had in the Supreme Court. *See Feldman*, 460 U.S. at 476, 103 S.Ct. 1303; *Rooker*, 263 U.S. at 415-16, 44 S.Ct. 149. The *Rooker-Feldman* doctrine applies to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Nicholson v. Shafe*, 558 F.3d 1266, 1273 (2009).

*Thomason*, 2018 WL 3341663 at 1. But, as to the question of the district court's jurisdiction in reference to the *Rooker-Feldman* doctrine, the Eleventh Circuit added this:

> Here, the district court did not lack jurisdiction based on the *Rooker-Feldman* doctrine. The defendants did not bring the action, but removed it from state court. Such removal was proper because the district court had federal question and supplemental jurisdiction. Moreover, although it appears that a criminal action against Thomason based on unlicensed homebuilding was dismissed just prior to removal, the district court's resolution of Thomason's claims in the instant action would not nullify that dismissal. Thus, the *Rooker-Feldman* doctrine did not deprive the district court of jurisdiction.

*Thomason*, 2018 WL 3341663 at 1. Under *Thomason,* Plaintiffs' argument that this case should be remanded because the court lacks subject matter under the *Rooker-Feldman* doctrine is without merit. This court has federal question jurisdiction and "the *Rooker-Feldman* doctrine [does] not deprive the district court of jurisdiction." *Thomason*, 2018 WL 3341663 at 1.

Plaintiffs' Motion to Remand (Doc. # 9) is **DENIED**.

DONE and ORDERED this September 4, 2018.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ /s/ R. David Proctor
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ R. DAVID PROCTOR
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ UNITED STATES DISTRICT JUDGE