FILED
2018 Oct-19  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **EMERSON HAMILTON,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:18-CV-933-RDP |
| | ) |
| **JUDICIAL CORRECTION SERVICES, LLC f/k/a,  JUDICIAL CORRECTION SERVICES, INC.** | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT THEREOF

Come now the plaintiffs and move the Court to remand the above-styled action to the Circuit Court of Jefferson County, Alabama, pursuant to 28 U.S.C. 1367(c).  While remand is discretionary in this case,[1] Plaintiffs submit that under the decisions of the United States Supreme Court and the Eleventh Circuit Court of Appeal the Court's discretion should be exercised in favor of remand.

---

[1] This assumes for purposes of this motion only, without waiving any rights on appeal from the previous denial of remand, that the Court's previous order finding the Court had federal question subject matter jurisdiction was correct.

## **MEMORANDUM**

## **Procedural History**

Plaintiffs filed this action in the Circuit Court for Jefferson County, Alabama, on May 17, 2018.  The case was removed to this Court on June 18, 2018. (Doc. 1)  Plaintiffs filed a motion to remand on July 16, 2018. (Doc. 9)  The Court denied the motion to remand on September 4, 2018, finding that the Court had federal question jurisdiction. (Doc. 40) Plaintiffs filed an amended complaint on October 12, 2018, dropping all federal question claims from the complaint. (Doc. 51)

## **Argument**

"[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007*).* However, when the case is removed by the defendants from state court "based on the presence of a federal claim," as is the case herein, "an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."  *Id.* at 474, fn. 6.

Plaintiffs agree that, assuming for the sake of this motion that the Court had federal question jurisdiction over this action when it was removed, the Court has power to exercise subject-matter jurisdiction under

28 U.S.C. § 1367(a) over Plaintiffs' state-law claims. However, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988). *Accord Cook v. Sheriff of Monroe County,* 402 F.3d 1092, 1123 (11th Cir. 2005) (Once "no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction.").

The Plaintiffs in *Carnegie-Mellon* filed a complaint in state court alleging age discrimination under federal law, along with state-law claims. The defendants removed the case to federal court on the basis of federal question jurisdiction. Six months later the plaintiffs amended their complaint to drop all federal question claims and filed a motion to remand to state court. *Id.* at 345-46. After allowing the amendment to the complaint, the district court remanded the case to state court for adjudication of the state law claims. *Id.* at 346.

In reaching its decision to affirm the district court, the Supreme Court relied heavily on the Court's prior decision in *Mine Workers v. Gibbs,* 383 U.S. 715 (1966):

> " . . . *Gibbs* drew a distinction between the power of a federal court to hear state-law claims and the discretionary exercise of

> that power.  The *Gibbs* court recognized that a federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between litigating parties.  For this reason, *Gibbs* emphasized that 'pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.  *Ibid.* Under *Gibbs*, a federal court should consider and weigh in each case and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.  When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Id.* at 726-27."

*Carnegie-Mellon,* 484 U.S. at 350.

The defendants in *Carnegie-Mellon*, as did the defendants in this case at the last hearing, argued forum shopping by the plaintiffs.  The Court rejected the argument, reasoning as follows:

> "Petitioners also argue that giving district courts discretion to remand cases involving pendent state-law claims will allow plaintiffs to secure a state forum through the use of manipulative tactics.  Petitioners' concern appears to be that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case. [citation omitted] This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case.  A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  If the plaintiff has attempted to manipulate the forum, the court should take this

4

behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.  The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims."

*Id.* at 622-23.

The Eleventh Circuit has further held that in order to remand the case pursuant to 28 U.S.C. 1367(c), one of the four categories set forth in that section must apply.  Those four categories are:

"(1)  the claim raises a novel or complex issue of state law,

(2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)  the district court has dismissed all claims over which it has original jurisdiction, or

(4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

*Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 743 (11th Cir. 2006). While the great temptation is to argue that the present case fits all four categories, in truth the third category is the most applicable.

While the language of the third category is somewhat ambiguous whether the dismissal has to be involuntary, as opposed to voluntary, the Eleventh Circuit in *Parker* equated "dismissed" with "dropped out of the lawsuit in the early stages."  *See id.* at 745.  Since the plaintiffs' federal

5

claims were won by the plaintiffs and not dropped out of the lawsuit, the Eleventh Circuit held in *Parker* that the third category of § 1367(c) did not apply, whereas in the present case the federal-law claims were dropped out.

Since 28 U.S.C. § 1367 was codified in 1988 shortly after the release of the *Carnegie-Mellon* decision, others have argued that the *Carnegie-Mellon* decision no longer is controlling. However, not only has the Eleventh Circuit continued to rely on *Carnegie-Mellon, see Parker* 468 F.3d 733 (11th Cir. 2006), the United State Supreme Court also did so in the 2009 decision of *Carlsbad Tech, Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 129 S. Ct. 1862 (2009). The Court affirmed the remand of the case to state court, noting that "[t]he District Court then remanded the case to the state court as authorized by this Court's decision in *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)." *Carlsbad Tech*, 556 U.S. at 637.

Unlike the *Parker* case, in the present case the federal claims were "dropped out in its early stages," making the third category of § 1367(c) applicable. *See e.g., Lake County v. NRG/Recovery Group, Inc.,* 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001). In *Lake County* the case was filed in State court and removed to the federal district court on the basis of

6

federal question jurisdiction. *Id.* at 1317-18.  Plaintiff moved the court to remand the case back to state court, arguing that no federal question was presented.  That motion was denied.  Plaintiff then amended the complaint so as to drop all federal question claims and again moved to remand the case to state court.  On the recommendation of the federal magistrate judge, the case was remanded.  *See Lake County*, 144 F. Supp. 2d at 1321.  The opinion and decision relied upon the United States Supreme Court's decision in *Carnegie-Mellon, supra,* where the court held that "a district court had discretion to remand supplemental state law claims after the plaintiff dropped the federal claims on which removal was originally based." 144 F. Supp. 2d at 1318, citation to *Carnegie-Mellon* omitted.

The defendant opposed the remand in part, asserting that the fairness factor discussed in *Carnegie-Mellon* was not met.  The Magistrate Judge's opinion, adopted by the federal court, rejected that argument, reasoning as follows:

> "Fairness in the context discussed by *Carnegie-Mellon* is addressed more to the issue of forum shopping.  The *Carnegie-Mellon* court specifically recognized that a plaintiff's use of manipulative tactics to secure a state forum in which to try the case is a factor a district court can consider when deciding whether to remand a case. 484 U.S. at 357, 108 S. Ct. at 622-23.  This concern by the *Carnegie-Mellon* Court involved situations where federal claims had been eliminated late in a case in order to secure another judge (i.e. a state court judge) to try a case after the federal court has expended significant resources.  That is not the case here because of the early posture of

this case. Moreover, a remand to state court would merely effectuate Lake County's original choice of a state forum and, therefore, the traditional aversion of federal courts to forum shopping is not substantially implicated."

*Lake County*, 144 F. Supp. 2d at 1320.

The United States District Court for the Southern District of Alabama reached the same result when it adopted the Magistrate Judge's opinion as the opinion of the Court in *University of South Alabama v. Keisacker*, 2015 U.S. Dist. LEXIS 153532, 2015 WL 7106846 (S.D. Ala. Oct. 27, 2015). In that case the plaintiff, University of South Alabama, voluntarily dismissed its claims against Aetna and filed a motion to remand. The claim against Aetna involved a question of federal law, and thus gave the court federal question jurisdiction. After reviewing the opinions discussed herein, the Magistrate Judge recommended that Plaintiff's motion to remand be granted. *Univ. of S. Ala. v. Keisacker,* 2015 U.S. Dist. LEXIS 153532, 2015 WL 7106846 (S.D. Ala. 2015). The Magistrate Judge's opinion and recommendation was adopted by the District Court. *Univ. of S. Ala. v. Keisacker,* 2015 U.S. Dist. LEXIS 153528, 2015 WL 718504 (S.D. Ala. 2015).

The Eleventh Circuit has encouraged district courts to dismiss, or in the case of removal, remand "when the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1088

8

(11th Cir. 2004). This is consistent with the United States Supreme Court's admonition to remand when the federal-law claims are dropped out early in the case. *See Gibbs* and *Carnegie-Mellon, infra.*

## Conclusion

The facts in all of the cases discussed above, where the Court declined to exercise pendent jurisdiction when all federal-law claims were dropped or dismissed, were substantially identical to those in the present case. This case is in the very early stages. Pursuant to the authorities discussed above, the values of judicial economy, convenience, fairness, and comity all support remand of the remaining state-law claims back to the Circuit Court for Jefferson County, Alabama.

Respectfully submitted this 19th day of October, 2018.

/s/ Lloyd W. Gathings
Lloyd W. Gathings (GAT001)

**OF COUNSEL:**
GATHINGS LAW
2204 Lakeshore Drive, Suite 406
Birmingham, Alabama 35209
Telephone: (205) 322-1201
Facsimile: (205) 322-1202
LGathings@gathingslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 19th day of October, 2018, I filed the foregoing motion using the Northern District of Alabama's CM/ECF electronic filing system, which will automatically serve a true and accurate copy of the foregoing on each of the following counselors of record in this matter:

Will Hill Tankersley, Esq.
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203

F. Lane Finch, Jr., Esq.
Brian Richardson, Esq.
Swift Currie McGhee & Hiers
2 North 20th Street, Suite 1405
Birmingham, AL 35203

Michael L. Jackson, Esq.
Larry S. Logsdon, Esq.
Wesley K. Winborn, Esq.
Wallace, Jordan, Ratliff & Brandt, LLC
P.O. Box 530910
Birmingham, AL 35253

Wilson F. Green, Esq.
Fleenor & Green, LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, AL 35406

Joel E. Dillard, Esq.
David McKnight, Esq.
Donald R. James, Jr., Esq.
Baxley, Dillard, McKnight, James & McElroy
2700 Highway 280, Suite 110 East
Birmingham, AL 35223

                                              */s/ Lloyd W. Gathings*
                                              OF COUNSEL