FILED
2018 Nov-29  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **EMERSON HAMILTON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:18-cv-933-RDP |
| ) | |
| **JUDICIAL CORRECTIONS** ) | |
| **SERVICES, LLC; CHC** ) | |
| **COMPANIES, LLC; CORRECT** ) | |
| **CARE SOLUTIONS, LLC; and** ) | |
| **SUSAN FUQUA,** ) | |
| ) | |
| **Defendants.** ) | |

## **PLAINTIFFS' REPLY BRIEF ON MOTION TO REMAND**

Plaintiffs submit this reply brief in support of their Motion to Remand (Doc. #53).[1]  Based on the previous brief and the following, Plaintiffs submit that this action should be remanded to the Circuit Court of Jefferson County, Alabama.

Subsequent to Plaintiffs filing their motion to remand and brief in support thereof (Doc. #53), Defendants filed a Supplement to Notice of Removal (Doc. #54), stating as additional grounds for removal the alleged fraudulent joinder of an Alabama resident as a defendant, thus resulting in diversity jurisdiction.  Defendant Judicial Correction Services, LLC ("JCS") then filed a response to Plaintiffs'

---

[1] The arguments set out in Susan Fuqua's Response Brief (Doc. #56) and CHC's Response Brief (Doc. #57) are generally included within JCS's Response Brief (Doc. #55), the longest of the three (3) responses, and thus specific references to JCS's Response Brief predominate herein.  This brief though serves as a reply to each of the three responses, filed by JCS (Doc. #55), Susan Fuqua (Doc. #56), and CHC (Doc. #57), respectively.

1

Motion to Remand (Doc. #55) in which Defendant stated that for purposes of this motion and response they were assuming no fraudulent joinder. Defendant then, despite the previous assertion, later launches into their fraudulent joinder, diversity jurisdiction argument, in contradiction to what Defendant said would be addressed in its reply. Therefore, Plaintiffs will first address the supplemental jurisdiction argument made by Defendant, which it states is the point of their response, and then Plaintiffs will address the diversity argument which Defendant said was not the purpose of its response, but which was argued anyway.

**I.      Supplemental Jurisdiction**

As Plaintiffs pointed out in their Motion to Remand (Doc. #53), this Court has discretion to retain jurisdiction of the state court claims. No question about that. However, there is also no question that the overwhelming weight of authority, as set forth in Plaintiffs' original brief, has stated that under the circumstances of this case the Court's discretion should generally be exercised to remand the case to state court.

JCS never directly disagrees with either of the observations in the preceding paragraph. However, Defendant does spend a lot of time trying to convince this Court to ignore all of the cases cited by the Plaintiffs.

Defendants try to reinterpret "Stage of Litigation" to mean the stage of all other litigation on the general subject matter, to which Plaintiffs herein have not

been parties to and will not be parties to in the future. Defendants have not cited a single Eleventh Circuit decision in support of this argument. However, JCS does admit that the United States Supreme Court has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." JCS's Response Brief, Doc. #55, at p. 5, *citing Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988). Defendants have not cited any other decision of the United States Supreme Court retreating from this holding or questioning this holding.

Defendants erroneously rely on the *Grispano v. New England Mutual Life Insurance Company* case*,* 358 F.3d 16, 19 (1st Cir. 2004). That case involved multidistrict litigation -- not the case here. That case involved an action transferred into the multidistrict litigation on the order of the MDL panel -- not the case here. The motion to remand was filed in the court assigned the multi-district litigation proceedings, which held that it did not have the authority to remand the case -- not the case here. *Id.* at 19. The situation presented to the First Circuit in *Grispano* thus featured significant differences from the situation before the Court here.

Defendants next argue that judicial economy will be served by denying remand. JCS cites *Parker v. Scrap Metal Processors, Inc.,* 468 F. 3d 733, 745

3

(11th Cir. 2006) because the Eleventh Circuit reversed the District Court for remanding the remaining state court claims to state court.  In that case the remand was made <u>after trial of the case</u>.  *See Parker*, 468 F. 3d at 746.  In the present case we haven't even conducted a single piece of discovery, let alone tried the case.  Plaintiffs' have cited cases on point in their original brief showing that a case in this posture should be remanded.[2]

Defendants' argument about this Court's knowledge about the subject matter is factually true, but this knowledge is based on arguments and rulings which these Plaintiffs were not a part of.  Furthermore, JCS does not cite a single case for the proposition that the most knowledgeable judge on a subject, whether a state court judge or a federal judge, should always preside over cases involving such knowledge.

## **II.** **Fairness**

This is where JCS drops into its fraudulent joinder argument, even though it professed to assume the state law claim was a valid claim.[3]  So this is where, if we are to follow Defendants' lead, we depart the pathway of supplemental jurisdiction

---

[2] *See* Pl.'s Second Motion to Remand Br., Doc. #53 (citing *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009), *Mine Workers v. Gibbs*, 383 U.S. 715 (1966), *Carnegie-Mellon Univ. v. Cohill*, 402 F. 3d 1092 (11 th Cir. 2005), *Raney v. Allstate Ins. Co.*, s370 F. 3d 1086 (11 th Cir. 2004), *Univ. of S. Alabama v. Keisacker*, 2015 U.S. Dist. LEXIS 153532, 2015 WL 7106846 (S.D. Ala. Oct. 27, 2015), and *Lake County v. NRG/Recovery Group, Inc.*, 144 F.Supp.2d 1316 (M.D. Fla. 2001)).

[3] Defendant JCS also dropped into the "fraudulent joinder, diversity jurisdiction" argument on page 2 of its Response Brief, attempting to incorporate its arguments in Defendants Supplement to Notice of Appeal.

and enter the world of diversity jurisdiction.  Defendants' argument regarding diversity has no merit on several fronts.

It is undisputed that if Susan Fuqua was not fraudulently joined in the suit, there is no diversity jurisdiction.  Thus, as is virtually always the case, the defendants fall back on the fraudulent joinder or fraudulent claim argument.  The fact that the argument is coming is about as predictable as whether the sun will come up tomorrow morning.  But Defendants here have failed to meet their burden to prove the amount in controversy; and since Susan Fuqua is a legitimate defendant to this action, Defendants cannot show that she was fraudulently joined.

### A. Defendants Have Not Proved the Amount in Controversy By a Preponderance of the Evidence.

First, even if there were diversity of citizenship, which there is not, the defendants have not met their burden of proof regarding the amount in controversy. The Defendants did not present any evidence of the amount in controversy in their Reply to Plaintiffs' Motion to Remand.  They did, however, make some conclusory statements in their Supplement to Notice of Removal (Doc. #54).[4]

Defendants though have not invoked the Class Action Fairness Act ("CAFA"), nor have they argued that this case constitutes a "mass action" under 28 U.S.C. § 1332(d)(11)(B)(i).  *See* Defs. Supp. to Notice of Removal, Doc. #54.

---

[4] On page 2 of its Response Brief (Doc. #55), JCS attempted to incorporate the arguments set out in Defendants' joint Supplement to Notice of Removal (Doc. #54).

Similarly, Defendants' Supplement to Notice of Removal does not mention the $5,000,000 aggregate amount in controversy, which can be applied to mass actions under CAFA. *See id*.

Thus, to establish diversity jurisdiction, Defendants must show that each individual plaintiff's case meets the $75,000 amount in controversy requirement. *See* 28 U.S.C. § 1332(a); and *Morrison v. Allstate Indem. Co.*, 228 F. 3d 1255, 1262 (11th Cir. 2000) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount.").

Defendants here have failed to meet their burden to prove the requisite amount in controversy, since to meet the $75,000 requirement, removing parties of course are not permitted to aggregate the claims of multiple plaintiffs. *See Morrison*, 228 F. 3d at 1262.

Defendants' Supplement to Notice of Removal contains little more than conclusory allegations that the jurisdictional amount is satisfied, without offering any underlying facts supporting Defendants' assertions, and as such is insufficient to meet Defendants' burden. For example, Defendants assert that, as to an unspecified individual Plaintiff, the economic damages and emotional distress caused by Defendants' wrongful actions, combined with punitive damages thereon, is sufficient to meet the $75,000 amount in controversy requirement. *See* Supp. to

Notice of Removal, Doc. #54, ¶ 26-28.  These conclusory statements, without offering any underlying facts or explanation supporting such assertions, are insufficient to meet Defendants' burden.  *See Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319-20 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."); and *Nolen v. J.P. Morgan Chase Bank, NA*, 2012 U.S. Dist. LEXIS 136693, *15-16 (M.D. Ala. Sept. 25, 2012) (Despite evidence that the plaintiff may have suffered $48,000 in economic damages, that evidence, combined with the plaintiff's claims for mental anguish and punitive damages, constituted an "insufficient foundation from which [ . . . ] to establish the jurisdictional minimum.").

Judge Kristi DuBose's opinion in *Collinsworth v. Big Dog Treestand, Inc.,* 2016 U.S. Dist. LEXIS 84123 (S.D. Ala. June 29, 2016), while not binding precedent on this Court, does contain a very good analysis of the removing party's burden to prove the amount in controversy.  *See id*. at *2.  *Collinsworth* was a personal injury, products liability case involving a climbing tree stand which broke, causing Plaintiff to fall to the ground. Plaintiffs sought damages for "physical pain, severe disfigurement, permanent injury, mental anguish, medical expenses, impairment of his ability to engage in employment and activities of daily living, lost wages, general damages and loss of consortium." *Id.* at *2.  Defendant

7

filed a notice of removal to the United States District Court for the Southern District of Alabama.  As Defendants in this case did in their Supplement to Notice of Removal, the defendant in *Collinsworth* listed the categories of damages as "evidence" that the action exceeded the jurisdictional threshold of $75,000 for diversity jurisdiction.

The *Collinsworth* court, after setting out an extensive review of 11th Circuit cases, held that Defendant had not met its jurisdictional burden and remanded the case to state court.  With regard to listing categories of damage, as the Defendants herein have done, Judge DuBose wrote the following:

> In *Robinson v. Clayton,* 2012 U.S. Dist.  LEXUS 171503, 2012 WL 6028940, *2 (S.D. Ala. Dec. 3, 2012), this Court specifically determined that "merely listing categories of damage[,]" which is exactly what Defendant purports to do in this case, does not satisfy the removing defendant's burden of establishing that the amount in controversy exceeds the $75,000 threshold.  In reaching this conclusion, this Court favorably cited the conclusion in *Williams,* 269 F.3d at 1318 and 1320 ("allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with  a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000[]").  The Court also noted that "*Williams*[5] is a governing application' of the principles set forth in *Roe*[6] and *Pretka*[7] and that *Williams* was not overruled by *Pretka* or *Roe* (nor could it have been, given that *Pretka* and *Roe* were not en banc opinions)."  *Robinson,*

---

[5] *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316 (11th Cir. 2001).
[6] *Roe v. Michelin North America, Inc.,* 613 F.3d 1058 (11th Cir. 2010).
[7] *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010).

8

>   2012 U.S. Dist. LEXIS 171503, 2012 WL 6028940, *2 at n.1.  Based
>   on *Williams* and *Robinson,* therefore, the Court concludes that the
>   allegations here do not render it facially apparent that the amount in
>   controversy in this case exceeds $75,000, exclusive of interests and
>   costs.

*Collinsworth v. Big Dog Treestand, Inc.,* 2016 U.S. Dist. LEXIS 84123, *9-10, (Footnotes added to provide full citations for cases inside the quote).

The Southern District of Alabama, as other federal districts in this State have done,[8] rejected the removing party's argument that allegations of mental anguish are sufficient to meet the burden of proof:

>   In addition, Plaintiffs' allegations of mental anguish are too vague and
>   speculative for the undersigned that their claims surpass the
>   jurisdictional threshold.  *See, e.g., Mustafa v. Mortgage St. Mortg.
>   Corp.,* 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012) (concluding that
>   the Court could not make a non-speculative estimate of the value of
>   the plaintiff's mental anguish claim); *Goodin v. Fidelity Nat'l Title Ins.
>   Co.,* 2012 U.S. Dist LEXIS 17829, 2012 WL 473913, *3 (M.D. Fla.
>   Feb. 14, 2012) (finding that "[plaintiff's] allegations of 'mental
>   anguish and stress' are impermissibly vague[]").  Indeed Plaintiffs'
>   complaint, like the complaint in *Arrington v. State Farm Ins. Co.,*
>   2014 U.S. Dist. LEXIS 89264, 2014 WL 2961104 (M.D. Ala. Jul. 1,
>   2014), "contains no specific allegations from which one could draw
>   any reasonable inference regarding the extent of the . . . [Plaintiffs']
>   mental anguish[] [or] emotional distress[,]" and, as in *Arrington,* "[i]n
>   th[is] court's 'judicial experience,' mental anguish and emotional
>   distress damages in cases such as this vary widely depending on the
>   circumstances, and even very similar circumstances may affect

---

[8] *See, e.g., Nolen v. J.P. Morgan Chase Bank, NA*, 2012 U.S. Dist. LEXIS 136693, *15-16 (M.D. Ala. Sept. 25, 2012); *Dean v. BAC Home Loans Servicing LP*, 2012 U.S. Dist. LEXIS 13115, *6 (M.D. Ala. Feb 3, 2012); *Parks v. Countrywide Home Loans*, 2011 U.S. Dist. LEXIS 143687, *3 (M.D. Ala. Dec. 14, 2011); *Peterson v. BAC Home Loan Servicing LP*, 2011 U.S. Dist. LEXIS 140383, *2 (M.D. Ala. Dec. 6, 2011); and *Mustafa v. Mkt. St. Mtg. Corp.*, 840 F.Supp.2d 1287, 1292 (M.D. Ala. 2012).

different plaintiffs in different ways." 2014 U.S. Dist. LEXIS 89264, [WL] at *6.

*Collinsworth v. Big Dog Treestand, Inc.,* 2016 U.S. Dist. LEXIS 84123, *11.

Likewise, Defendants' mere statement that Plaintiffs are claiming punitive damages, without more, is insufficient to satisfy the removing party's burden to prove the amount in controversy. *See Nolen v. J.P. Morgan Chase Bank, NA*, 2012 U.S. Dist. LEXIS 136693, *15-16 (M.D. Ala. Sept. 25, 2012); and *Mustafa v. Mkt. St. Mtg. Corp.*, 840 F.Supp.2d 1287, 1292 (M.D. Ala. 2012) ("[A]pplying a single digit multiplier sufficiently high to satisfy the amount in controversy requirement, without more, assumes away the removing party's burden to prove the propriety of removal by a preponderance of the evidence.").

If the arguments set out in Defendants' Supplement to Notice of Removal (Doc. #54) were sufficient to prove the amount in controversy, then that standard would be met in every case where the plaintiff claimed damages for mental anguish and punitive damages. Defendants have failed to meet their burden in that regard, and that argument—incorporated by reference in JCS's Response Brief[9]—provides no support for the existence of diversity jurisdiction here.

---

[9] *See* Def. JCS's Response Br., Doc. #55, p. 2.

### B. Susan Fuqua is a Legitimate Defendant to This Action, and Defendants Thus Cannot Show That She Was Fraudulently Joined.

Defendants' contention that Plaintiffs fraudulently joined Defendant Fuqua to defeat diversity jurisdiction is also without merit. The first, and most obvious point, is that if Plaintiffs' attorneys did not meet the enhanced *Twombly* pleading standards, it does not automatically follow that Defendant Fuqua was fraudulently joined. It just means the Plaintiffs' attorneys did not plead in sufficient detail under the *Twombly* standards. However, that is not the case herein, where Plaintiffs met all applicable pleading standards.

Second, it is important to look at what constitutes civil conspiracy under Alabama law. The Alabama Supreme Court discussed the requirements of a civil conspiracy in *DGB, LLC v. Hinds,* 55 So. 3d 218, 234 (Ala. 2010):

> This Court has stated:
>
>> "'Alabama recognizes [civil conspiracy] as a substantive tort.' *Purcell Co. v. Spriggs Enters., Inc.,* 431 So. 2d 515, 522 (Ala. 1983). 'In essence, civil conspiracy is a combination of two or more persons to do: (a) something that is unlawful; [or] (b) something that is lawful by unlawful means.' *Id. See also Eidson v. Olin Corp.,* 527 So. 2d 1283, 1285 (Ala. 1988). 'In a conspiracy, the acts of coconspirators are attributable to each other.' *Williams v. Aetna Fin. Co,* 83 Ohio St. 3d 464, 476, 1998 Ohio 294, 700 N.E.2d 859, 868 (1998)."
>
> *Ex parte Reindel,* 963 So. 2d 614, 621 n.11 (Ala. 2007). "A civil conspiracy claims operates to extend, beyond the active wrongdoer, liability in tort to actors who have merely assisted, encouraged, or

11

planned the wrongdoer's acts." *16 Am. Jur. 2d Conspiracy § 57* (2009). "A plaintiff alleging a conspiracy must have a valid underlying cause of action." *Drill Parts & Serv. Co. v Joy Mfg. Co.*, 619 So. 2d 1280 (Ala. 1993).

*DGB, LLC v. Hinds*, 55 So. 3d 218, 234 (Ala. 2010). The Court in *DGB* held that "[b]ecause the [plaintiffs] have alleged valid underlying causes of action and because acts of coconspirators are attributable to each other, *see Reindel, supra,* the [plaintiffs] have stated a claim of civil conspiracy upon which relief may be granted against each of these defendants." *Id.*

*DGB*, of course, was an Alabama state court case, and this case, conversely, is in federal court. But before Defendants have a chance to say that pleading rules are different in state and federal courts, which they will say, it should be noted that federal courts have reached the same conclusion regarding conspiracy pleadings for the same reasons. In other words, since a coconspirator is one who "merely assisted [or] encouraged" another's wrongful acts, and "the acts of coconspirators are attributable to each other," federal courts have held that a plaintiff states a valid conspiracy action anytime he or she has plead (i) a valid underlying cause of action, and (ii) an inferential or circumstantial nexus between the coconspirators supporting a reasonable inference that one "assisted or encouraged" the other. *See SE Prop. Holdings, LLC v. Saint Family P'ship*, 2017 U.S. Dist. LEXIS 65727, *21-23 (S.D. Ala. May 1, 2017) (quoting *DGB, LLC v. Hinds*, 55 So. 3d 218, 234 (Ala. 2010)).

For example, in *SE Property Holdings*, the defendants argued that the conspiracy count was not sufficiently pled, making most of the same arguments made by the defendants in this case. *See SE Property Holdings*, 2017 U.S. Dist. LEXIS 65727, *21. The court held otherwise, reasoning as follows:

> Nor is defendants' position strengthened by their related argument that Count Three must be dismissed for inadequately pleading a conspiracy. Defendants balk that the Complaint "contains no allegations of actions by F. Saint, Kasubra and/or SFLP of any action in furtherance of any alleged conspiracy." (Doc. 11, at 17.) They protest that the Complaint does not "identify when John Saint and the Defendants agreed to engage in the alleged fraudulent act," does not "identify the dates when the Defendants rendered assistance to J. Saint in committing the fraudulent acts," and does not "explain how the conduct of the Defendants, F. Saint, Kasubra, and/or SFLP, furthered the commission of the alleged fraud by John Saint." (Id. at 18.) These assertions substantially overstate the pleading requirements for a civil conspiracy. Defendants cite no authority -- and the Court is aware of none -- requiring a plaintiff to plead the precise date of an alleged agreement to engage in fraud, or to plead specific overt acts in furtherance of the conspiracy committed by each and every defendant. Simply put, no such heightened pleading requirements exist.

*SE Prop. Holdings, LLC v. Saint Family P'ship*, 2017 U.S. Dist. LEXIS 65727, *21.

The court went on to note that though the Eleventh Circuit has set forth minimum pleading requirements for a civil conspiracy, and that a claim for conspiracy can in fact be dismissed because of "the conclusory, vague and general nature of the allegations of conspiracy," the allegations of conspiracy plead in that case were still sufficient to support a valid claim:

13

> Here, [the plaintiff] has not confined its Complaint to a conclusory statement that a conspiracy existed.  To the contrary, the Complaint delineates at some length the relationships between and among the defendants, the character of the acts done, and the benefits reaped by each defendant as a result of the conspiracy, all of which when viewed in the aggregate support a reasonable inference that these defendants conspired with John Saint to defraud plaintiff out of assets that it had been led to believe were available to pay Saint's guaranty obligations.  The modest Eleventh Circuit pleading requirement for conspiracy claims is satisfied here.

*Id.* at *22.

Similarly, in this case, Plaintiffs Third Amended Complaint delineates at length (i) the relationships between and among the defendants—Susan Fuqua's promotion of JCS to city governments while in her role as president of the Alabama Municipal Court Clerks and Magistrates Association,[10] despite the illegality of JCS's actions;[11] (ii) the benefits reaped by each defendant as a result of the conspiracy—the money made by JCS through its jailing and extortion of the plaintiffs in violation of their rights under Alabama law, and JCS's resulting ability to continue to pay Susan Fuqua to lobby on its behalf;[12] and (iii) the character of the acts done, all of which when viewed in the aggregate support a reasonable inference that these defendants acted as coconspirators—as that term is defined under Alabama law—in the commission of wrongful and tortious acts against the plaintiffs.

---

[10] *See* Plaintiffs' Third Amended Complaint, Doc. #51, ¶ 52-53, ¶ 129-130, ¶ 380-383.
[11] *See* Plaintiffs' Third Amended Complaint, Doc. #51, ¶ 55-56.
[12] *See* Plaintiffs' Third Amended Complaint, Doc. #51, ¶ 54.

Defendants' fraudulent pleading argument also does not account for the well-established pleading rule that when "many of the details Defendants demand are beyond Plaintiff's reach" without discovery, a more lenient pleading standard is applied:

> It bears mentioning that, without discovery, many of the details Defendants demand are beyond Plaintiff's reach. Indeed, the Complaint charged that Defendants secretly conspired to convert Plaintiff's inheritance for their own benefit. The practical consequences of such a scheme is that Plaintiff would not know the details of Defendants' conspiracy. In such circumstances, plaintiffs are entitled extra leeway at the motion to dismiss stage. *See United States v. Baxter Int'l, Inc.,* 345 F. 3d 866, 881 (11th Cir. 2003) ("Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant.").

*Parker v. Parker,* 2018 U.S. Dist. LEXUS 191263 (M.D. Fla. 2018). The Court denied the motion to dismiss even though "[t]he complaint contains few details regarding the conspiracy or the alleged fraudulent conduct that each Defendant took part in . . . ." *Id.* at *7.

The Southern District of Alabama, in *SE Property Holdings*, likewise acknowledged that "[t]he existence of a conspiracy must often be inferentially and circumstantially derived from the character of the acts done, the relation of the parties, and other facts and circumstances suggestive of concerted action." *SE Prop. Holdings, LLC v. Saint Family P'ship*, 2017 U.S. Dist. LEXIS 65727, *23

(citing *Turner v. Peoples Bank of Pell City*, 378 So. 2d 706, 708 (Ala. 1979), and *Eidson v. Olin Corp.*, 527 So. 2d 1283, 1285 (Ala. 1988)).

Likewise, in this case, Plaintiffs have knowledge of the unique relation of the parties suggestive of concerted action—Susan Fuqua's promotion of JCS to city governments while in her role as president of the Alabama Municipal Court Clerks and Magistrates Association, while failing to disclose the fact that she was accepting payments from JCS to lobby on its behalf.[13]  But due to the nature of the conspiracy itself, it is impossible for Plaintiffs to know other details regarding the defendants' furtherance of the conspiracy at this time.  Discovery is needed to obtain any such additional specifics.  As such, the more lenient pleading standard generally applied to conspiracy claims in federal court is likewise applicable here.

By promoting JCS to city governments in her role as the president of the Alabama Municipal Court Clerks and Magistrates Association, while acting with knowledge of the wrongfulness of JCS's conduct, and failing to disclose her status as JCS's lobbyist, Defendant Susan Fuqua undoubtedly assisted or encouraged JCS in the furtherance of its unlawful acts in this State, which violated the plaintiffs' rights under Alabama law.  These facts have been plead with more specificity than is required under the federal pleading standard for civil conspiracy claims.  As

---

[13] As set out in more detail in Plaintiffs' Response to Defendant Susan Fuqua's Motion to Dismiss, Doc. #33, Ms. Fuqua's disclosure of her status as a "consultant" to JCS differs substantially from the statutorily required disclosure of agreements to lobby on behalf of a group or entity.

such, Defendants cannot show that Defendant Susan Fuqua was fraudulently joined to this action.

## CONCLUSION

The overwhelming majority of Eleventh Circuit opinions addressing supplemental jurisdiction in this context counsel in favor of remand.  Furthermore, either (i) Defendants' failure to carry their burden to prove the amount in controversy, or (ii) Defendants' inability to show fraudulent joinder, is sufficient, standing alone, to eliminate the possibility of diversity jurisdiction.  Therefore, regardless of the particular metric by which this Court chooses to consider the possibility of subject-matter jurisdiction, Plaintiffs respectfully submit to this Honorable Court that remand is the most appropriate course of action here.

Respectfully submitted this 29th day of November, 2018.

*/s/ Lloyd W. Gathings*
Lloyd W. Gathings (GAT001)

**OF COUNSEL:**
GATHINGS LAW
2204 Lakeshore Drive, Suite 406
Birmingham, Alabama 35209
Telephone: (205) 322-1201
Facsimile: (205) 322-1202
LGathings@gathingslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of November, 2018, I filed the foregoing motion using the Northern District of Alabama's CM/ECF electronic filing system, which will automatically serve a true and accurate copy of the foregoing on each of the following counselors of record in this matter:

Will Hill Tankersley, Esq.
Balch & Bingham LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203

F. Lane Finch, Jr., Esq.
Brian Richardson, Esq.
Swift Currie McGhee & Hiers
2 North 20th Street, Suite 1405
Birmingham, AL 35203

Michael L. Jackson, Esq.
Larry S. Logsdon, Esq.
Wesley K. Winborn, Esq.
Wallace, Jordan, Ratliff & Brandt, LLC
P.O. Box 530910
Birmingham, AL 35253

Wilson F. Green, Esq.
Fleenor & Green, LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, AL 35406

Joel E. Dillard, Esq.
David McKnight, Esq.
Donald R. James, Jr., Esq.
Baxley, Dillard, McKnight, James & McElroy
2700 Highway 280, Suite 110 East
Birmingham, AL 35223

> */s/ Lloyd W. Gathings*
> OF COUNSEL