UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMERSON HAMILTON, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 2:18-cv-00933-RDP |
| } | |
| JUDICIAL CORRECTIONAL SERVICES } | |
| LLC, et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiffs' Motion to Remand. (Doc. # 53) The Motion was presented after the filing of Plaintiffs' October 12, 2018 Amended Complaint, which voluntarily dismissed all federal claims from the case. (Doc. # 51). The Motion has been fully briefed and is ripe for decision. (Docs. # 54, 55, 56, 57, 58).

Plaintiffs filed this action in the Circuit Court for Jefferson County, Alabama, on May 17, 2018. (Doc. # 1-1). Defendants removed the case to this court on June 18, 2018. (Doc. # 1). The Notice of Removal relied exclusively on federal question jurisdiction as grounds for removal. (Doc. # 1). Plaintiffs moved to remand on July 16, 2018. (Doc. # 9). The court denied that motion because Plaintiffs' Complaint asserted claims for monetary damages against Defendants under 42 U.S.C. § 1983 and, thus, the court had federal question jurisdiction. (Doc. # 46). On October 12, 2018, Plaintiffs filed their Amended Complaint, which omitted all federal claims from the case. (Doc. # 51). On October 19, 2018, Plaintiffs filed a second Motion to Remand asking the court to decline to exercise supplemental jurisdiction over the remaining state law claims. (Doc. # 53). In response, Defendants filed a Supplement to Notice of Removal arguing

that the resident individual Defendant, Susan Fuqua, was fraudulently named in the Amended Complaint asserting the remaining state law claims and, therefore, the court could retain jurisdiction based on diversity of citizenship. (Doc. # 54).

The court understands it is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).

To begin, the court notes that this is not a case that was improperly removed. At the time of removal, federal question jurisdiction clearly existed because the operative Complaint asserted claims for monetary damages against Defendants under 42 U.S.C. § 1983. (Doc. # 1-1). *See Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241, 1243 n. 2 (11th Cir. 2007) (noting that the district court determines whether it had subject matter jurisdiction at the time of removal and later changes to the pleadings do not affect the court's exercise of that jurisdiction). It is true that at the time of removal, Defendants did not assert the state claims were subject to this court's diversity jurisdiction. Nevertheless, those clams were properly before this court under 28 U.S.C. § 1367(a). The state law claims at issue were pendent to the federal claims advanced in Plaintiffs' initial pleading. Plaintiffs argue that the court does not have original jurisdiction over their state law claims for a variety of reasons. For example, they assert that Susan Fuqua is a non-diverse defendant who destroys diversity jurisdiction.[1] They argue that Defendants'

---

[1] Defendants acknowledge that Fuqua was properly named as an alleged co-conspirator in Plaintiffs' (now dismissed) § 1983 claims, which were contained in the original pleading removed to this court.

Supplemental Removal Notice was belatedly filed and is ineffective.[2] Plaintiffs also contend that, contrary to Defendants' assertion, Fuqua is not fraudulently joined in their Amended Complaint.

---

[2] The court pauses to examine the parties' arguments related to their Supplemental Notice of Removal. The arguments could be important because the commentators have suggested that § 1367(c) "simply does not permit a court to dismiss [or, as here, remand] claims that independently satisfy … a basis of original jurisdiction." 13D Wright & Miller, Federal Practice and Procedure, § 3567.3 at 409. Thus, if this court does possess diversity jurisdiction over the remaining claims, § 1367(c) has no application.

Generally, a matter may only be removed to federal court within thirty days of service of the complaint. 28 U.S.C. § 1446(b)(1). During this thirty-day period, the notice of removal may be freely amended. See *Cohen v. Herick*, No. 82015 WL 12820463, at *2 (M.D. Fla. Jan. 9, 2015) (citing *Diebel v. S.B. Trucking Co.,* 262 F. Supp. 2d 1319, 1331 n.52 (M.D. Fla. 2003)). "After the thirty-day period, however, there are limitations on amendments to the notice of removal." *Old Cove Condo. of Naples, Inc. v. Underwriters at Lloyd's, London, ICAT Syndicate 4242*, 2018 WL 4002109, at *1 (M.D. Fla. Aug. 22, 2018).

Pursuant to 28 U.S.C. § 1653, amendments after the thirty-day period are only allowed to cure procedural defects. *Dye v. Sexton*, 695 F. App'x 482, 485 (11th Cir. 2017) (citing *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409-10 (11th Cir. 1997)). "Amendment is not permitted to set *forth* a new basis for the court's jurisdiction." *Old Cove Condo.*, 2018 WL 4002109, at *1 (citing *ARCO Envt'l. Remediation, LLC v. Dep't of Health and Envt'l. Quality of Mont*., 213 F.3d 1108, 1117 (9th Cir. 2000) and *Ala. Mun. Workers Comp. Fund, Inc. v. P.R. Diamond Prods*., 234 F. Supp. 3d 1165, 1169 (N.D. Ala. 2017)).

Here, the Supplement to Notice of Removal was filed almost five months after the Notice of Removal, long after the thirty-day period when the notice of removal could have been freely amended had expired. (Doc. # 1, 54). In fact, Plaintiffs argue that the Supplement was not even filed within thirty days of the amended complaint that Defendants assert made diversity jurisdiction relevant to the case. The amended complaint was filed on October 12, 2018. (Doc. # 51). The Supplement was not filed until November 13, 2018, thirty-two days after the amendment. (Doc. # 54). Moreover, the Supplement clearly sets forth a new basis for the court's subject matter jurisdiction, which arguably is not permissible under § 1653. Still, another issue that the parties and court would be required to address is, assuming there is complete diversity here, whether Defendants can establish the amount in controversy requirement.

Admittedly, there are some courts (albeit, not in this Circuit) that may permit a party leave to amend a removal petition to assert a new ground for removal when the new jurisdictional basis only became known to that party after the case was removed, i.e., while the case was already pending in federal court. *See Haber v. Massey*, 904 F.Supp.2d 136, 141 (D. Mass. 2012); *Wilson v. Int'l Bus. Machs. Corp*., 2011 WL 4572019, *2 (S.D. Tex. 2011) (noting that "courts have been willing to permit amendments to a notice for removal when the new basis [for federal jurisdiction] did not exist until after the relevant thirty day period" but allowing remand because the defendant's second notice of removal was untimely); *In re Pharm. Indus. Average Wholesale Price*, 509 F.Supp.2d 82, 95 (D. Mass. 2007) (permitting a defendant to assert a supplemental notice of removal when "[t]he new basis for removal arguably did not exist until after the initial thirty-day period" but ultimately finding the supplemental notice untimely); *Hawaii v. Abbott Labs., Inc*., 469 F.Supp.2d 835, 838 (D. Haw. 2006) (noting that "where a new ground for removal arises during the pendency of the litigation, some courts have allowed the notice of removal to be supplemented to set forth the newly-arisen ground even after the expiration of the thirty-day time period," but denying leave to supplement the notice of removal because the defendant failed to comply with other procedural requirements of section 1446(b)). However, this court has previously refused to consider a basis for removal that was not asserted in a removal petition. (*Frederick v. Service Experts Heating & Air Conditioning LLC et* al., Case No. 2:14-cv-00700-RDP, Doc. # 23 at 2, n.2) (noting that defendants were not entitled to amend their notice of removal to add an entirely new and distinct jurisdictional basis after the thirty day period for filing a notice of removal had elapsed).

And, Plaintiffs argue that as this court does not possess original jurisdiction over their remaining state law claims, it should exercise its discretion to not continue to entertain them under § 1367(a). The first three arguments each raise interesting questions, but the court need not resolve them here because, regardless of whether the court has original jurisdiction or supplemental jurisdiction over the remaining state law claims, it will continue to entertain them.

### A. The Court Will Exercise Supplemental Jurisdiction Over the Pendent State Law Claims

Section 1367(a) permits a district court to exercise supplemental jurisdiction over claims for which it lacks original jurisdiction if they are "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III … ." 28 U.S.C. § 1367(a). The rule provides for four exceptions. Three of those – claims involving novel questions of state law, state law claims that would predominate, and exceptional circumstances that compel the court to decline jurisdiction – do not apply here. *See* 28 U.S.C. § 1367 (c)(1), (2) and (4). The only question here is whether the court should remand this case to state court because the federal claims from the original complaint, which Plaintiffs contend provided the only basis for original jurisdiction, have been eliminated by the Amended Complaint. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction.").

To be clear, this is a discretionary call. "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely

---

At the end of the day, this question, while certainly interesting, is academic. It is academic because even if Defendants cannot assert diversity jurisdiction, here the court may nevertheless maintain subject matter jurisdiction over the remaining state law claims under section 1367(c)(3), and chooses to do so. So, whether based on original or supplemental jurisdiction, the claims remaining are properly before this court and the court will continue to entertain them.

discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing § 1367(c)). The court understands that the presumption is that the court will dismiss (or, as appropriate here, remand) the claims. But, "the presumption is just that – a presumption and not a rule. It is not immutable. The district court retains discretion to exercise jurisdiction." 13D Wright & Miller, Federal Practice and Procedure, § 3567.3 at 432 (2008).

In determining whether to exercise supplemental jurisdiction, "the court 'should take into account concerns of comity, judicial economy, convenience, fairness, and the like.'" *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) (quoting *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001)). Notably, this case is one of a series of similar, complex cases being handled by this court:

- 2:12-cv-00724-RDP-TFM *Thurman, et al. v. Judicial Correction Services*;
- 2:12-cv-02819-RDP *Ray et al v. Judicial Corrections Services Inc., et al.*;
- 2:15-cv-00493-RDP *Woods et al v. Columbiana, City of*;
- 2:15-cv-01381-RDP *Carden v. The Town of Harpersville*;
- 4:15-cv-01656-RDP *Hall et al v. Fort Payne, The City of et al*;
- 4:16-cv-00914-RDP *Moore et al v. Albertville, City of*;
- 1:16-cv-01030-RDP *Foshee v. Anniston, Alabama, The City of*; and
- 2:18-cv-00933-RDP *Hamilton et al v. Judicial Correctional Services LLC et al*.

The court has been presiding over the JCS-related cases for more than six years and has heard hours of argument, considered reams of briefing, and rendered numerous substantive rulings. The court has familiarity with the underlying facts, the parties, and the legal issues. One class action case out of the Middle District of Alabama, *Thurman*, Middle District of Alabama Case No. 2:12-cv-00724-RDP-TFM, was transferred to this court to be considered in conjunction with the *Ray* case because the proposed plaintiff classes may overlap. The court has issued numerous substantive rulings in *Ray* which may be applicable in this case. Remand of this case would not only run the risk of consuming unnecessary judicial resources, it would also have the potential of producing inconsistent rulings on substantive issues as well as inconsistent obligations on

5

discovery matters. And, retaining jurisdiction would allow other parties – *i.e.*, Defendants and other litigants in the cases listed above – to conserve resources. In light of the amount of time already invested by this court in these cases, the court agrees that principles of judicial economy counsel in favor of retaining jurisdiction over this particular case.

Defendants also suggest that Plaintiffs have dismissed their federal claims solely to divest the federal court of jurisdiction and that such gamesmanship should not be rewarded. Forum manipulation can be a strategy, but it may also constitute bad faith. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003) (noting that forum manipulation justifies application of an equitable exception to section 1446(c)(1)'s one-year time limit.). The Eleventh Circuit and the Supreme Court have both noted that "removal cases raise forum-manipulation concerns ...." *Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241 (11th Cir. 2007) (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 n. 6 (2007)). And "[w]hether a case is removable to federal court should not be a matter of gamesmanship." *Webb v. Home Depot, USA, Inc.*, 2000 WL 351992 *3 (M.D. Ala. 2000) (quoting *Robinson v. GE Capital Mortgage Services, Inc*., 945 F. Supp. 1516 (M.D. Ala. 1996)). The court notes that this is only one factor in the calculus of whether this case should be remanded, but it is clearly a relevant factor in this case.

On the whole, after balancing all relevant factors, the court concludes that Plaintiffs' Motion to Remand (Doc. # 53) should be, and hereby is, **DENIED.**

**DONE** and **ORDERED** this January 18, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE