FILED
2019 Nov-13 AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EMERSON HAMILTON, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | **Case No.: 2:18-cv-00933-RDP** |
| } | |
| **JUDICIAL CORRECTIONAL SERVICES** } | |
| **LLC, et al.,** } | |
| } | |
| **Defendants.** } | |

## **MEMORANDUM OPINION**

This matter is before the court on CHC Companies, LLC's ("CHC") and Correct Care Solutions, LLC's ("CCS") Motion to Dismiss the Fourth Amended Complaint. (Doc. # 74). The Motion has been fully briefed and is under submission. (Docs. # 76, 80).

**I.    Background**

This case is one of a series of several cases, primarily putative class action suits, that have been brought against Judicial Correction Services, Inc. ("JCS"), corporate entities related to JCS, and municipalities that contracted with JCS for probation supervision services. (Doc. # 72).[1] In these cases, the court has ruled on numerous motions to dismiss, several substantive dispositive motions following discovery, and one motion for class certification.

---

[1] *Thurman, et al. v. Judicial Correction Services*, M.D. AL Case No. 2:12-cv-00724-RDP-TFM; *Ray, et al. v. Judicial Corrections Services Inc., et al.*, N.D. AL Case No. 2:12-cv-02819-RDP; *Chapman, et al. v. JCS, et al.*, M.D. AL Case No. 2:15-cv-0125-RCL; *McCullough, et al. v. JCS, et al.*, M.D. AL Case No. 2:15-cv-463-RCL; *Woods, et al. v. Columbiana, City of, et al.*, N.D. AL Case No. 2:15-cv-00493-RDP; *Carter v. JCS, et al.*, M.D. AL Case No. 2:15-cv-0555-RCL; *Carden v. The Town of Harpersville, et al.*, N.D. AL Case No. 2:15-cv-01381-RDP; *Hall, et al v. Fort Payne, The City of, et al.*, N.D. AL Case No. 4:15-cv-01656-RDP; *Rudolph, et al. v. The City of Montgomery, et al.*, M.D. AL Case No. 2:16-cv-00057-RCL; *Moore, et al. v. Albertville, City of*, N.D. AL Case No. 4:16-cv-00914-RDP; and *Foshee v. Anniston, Alabama, The City of*, N.D. AL Case No. 1:16-cv-01030-RDP .

Plaintiffs' Fourth Amended Complaint in this case, like the complaints in all of the other cases, focuses on probation services provided by JCS to various municipalities in the state of Alabama. (Doc. # 72). The vast majority of the well-pleaded facts in the Fourth Amended Complaint relate to JCS. (*Id.*). Based on a careful review of the Fourth Amended Complaint, the only well-pleaded (*i.e.*, non-conclusory) facts alleged regarding CHC and CCS are (1) that "CHC merged with Defendant JCS on September 30, 2011", and (2) that "CCS purchased Defendant CHC in 2014." (Doc. # 72 at ¶¶ 20-21). The remaining allegations are wholly conclusory. For example, Plaintiffs allege "CHC directed and controlled Defendant JCS's operations . . . ." (Doc. # 72 at ¶ 20) and "CCS . . . directed and controlled Defendant JCS's operations . . . ." (Doc. # 72 at ¶ 21). Plaintiffs further allege "[e]ach of the plaintiffs [] was sentenced to probation, which Defendant JCS, Defendant CHC, and/or Defendant CCS extended beyond two (2) years." (Doc. # 72 at ¶ 24)). To further illustrate the conclusory nature of the allegations regarding CHC and CCS, the court notes that Plaintiffs allege "Plaintiff Antonio Calhoun was continuously kept on probation by Defendants JCS, CHC and CCS for approximately six (6) years, from February 12, 2009, through at least February 5, 2015." (Doc. # 72 at ¶ 29). Interestingly, according to earlier allegations of the Fourth Amended Complaint, CHC did not "merge" with JCS until 2011, and CCS did not "purchase" JCS until 2014. (Doc. # 72 at ¶¶ 20-21). Therefore, it is not plausibly alleged that either CHC or CCS kept Mr. Calhoun on probation from 2009 through 2015. There are similar examples of this type of conclusory factual allegations in the amended pleading.

Plaintiffs make no effort, in this *fourth* iteration of their Complaint, to provide supporting factual detail to flesh out these conclusory allegations regarding CHC and CCS.

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136,

3

138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III.     Analysis

Count I of the Fourth Amended Complaint asserts a Violation of Due Process claim presumably against all Defendants. (Doc. # 72 at ¶¶ 22-43). Counts II, III, and IV contain Civil Conspiracy claims under 42 U.S.C. § 1983 involving different municipal courts, again presumably against all Defendants. (Doc. # 72 at ¶¶ 44-68). Count V contains a Money Had and received claim, against presumably against all Defendants.

#### A.     Plaintiffs' Fourth Amended Complaint Is An Impermissible Shotgun Pleading

Each count of the Fourth Amended Complaint adopts and incorporates by reference all previous allegations. (Doc. # 72 at ¶¶ 22, 44, 58, 65, and 69). The Eleventh Circuit has explained that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."). Shotgun pleadings violate rule 8(a)(2)'s direction that the pleading provide a "short and plain statement" of a plaintiff's claims and Rule

8(d)(1)'s direction that each allegation "be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2) and (d)(1). They also make it "virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F.App'x. 368, 373 (11th Cir. 2005).

Plaintiffs' Fourth Amended Complaint, rather than specifying which Defendant took which actions against which Plaintiffs, lumps CHC and CCS in with JCS when describing what action "Defendants" allegedly have taken against Plaintiffs. (*See, e.g.,* Doc. # 72 at ¶ 24 ("Each of the plaintiffs to this action was sentenced to probation, which Defendant JCS, Defendant CHC and/or Defendant CCS extended beyond two (2) years."); Doc. # 72 at ¶ 40 (Defendants JCS, CHC and CCS contracted with the municipalities of Harpersville, Childersburg, Sylacauga, Talladega, Hoover, Lincoln, and Calera . . . .")). Therefore, Plaintiffs' Fourth Amended Complaint is an impermissible shotgun pleading and is due to be dismissed for this reason alone. But, as discussed below, there is more.

### B. Plaintiffs' Fourth Amended Complaint Is Not Pled With the Requisite Specificity

The allegations of the Fourth Amended Complaint regarding CHC and CCS are simply not plausible *factual* allegations. In addition to the issues discussed above, Plaintiffs allege that each of the Defendants "JCS, CHC and CCS contracted with the municipalities." (Doc. # 72 at ¶ 40). However, the court is aware, from its dealings with a number of these cases, including *Ray* case, that the City of Childersburg entered into its contract with JCS in 2005. (*Ray, et al. v. Judicial Corrections Services Inc., et al*., Case No. 2:12-cv-02819-RDP, Docs. # 626 at 8, # 392-16). According to the Fourth Amended Complaint, CHC did not "merge" with CJS until 2011, and CCS did not "purchase" CHC until 2014. Thus, the allegation that each of the Defendants "JCS, CHC and CCS contracted with the[se] municipalities" is nothing more than "a formulaic

5

recitation" based on "labels and conclusions" or is a "naked assertion" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. Because all of the allegations against CHC and CCS are simply lumped together with allegations against JCS, they lack "facial plausibility." *Iqbal*, 556 U.S. at 678. Thus, the claims asserted against CHC and CCS are also due to be dismissed because the sparse allegations of the Fourth Amended Complaint regarding CHC and CCS fail to state plausible claims against them.

      C.      **Plaintiffs' Section 1983 Claims Fails to State A Claim Against CHC and CCS**

CHC and CCS are both private entities. Of course, a private entity may under certain specific circumstances be held liable under § 1983. *Martinez v. Ashtin Leasing, Inc.*, 417 F.App'x. 883, 885 (11th Cir. 2011) (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003)). But, "[t]here are three requirements for imposing § 1983 liability on a private entity acting as a municipality for its policies or customs. "[A] plaintiff must show: (1) that his constitutional rights were violated; (2) that the [entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Harris v. S. Health Partners, Inc.*, 2013 WL 2387740, at *9 (M.D. Ga. May 30, 2013) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). Thus, liability in a § 1983 action only attaches where the entity itself, through a custom or policy, causes the constitutional violation at issue. *Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005). Therefore, to properly state a due process claim against CHC and CCS, Plaintiffs must allege that CHC and CCS took actions (or had policies or customs) that caused the alleged violation of their constitutional rights.

The Fourth Amended Complaint alleges that CHC "merged" with JCS and that CCS "purchased" JCS, and thereafter CHC and CCS "directed and controlled" JCS's operations. (Doc. # 72 at ¶¶ 20-21). The Fourth Amended Complaint, however, does not identify any policy

6

of either CHC or CCS that caused Plaintiffs' injuries. Nor does the Fourth Amended Complaint provide any explanation regarding the manner of the "direction and control" allegedly exercised by CHC and CCS. Nor does it allege any action taken by CHC or CCS that caused Plaintiffs' rights to be violated. In sum, no factual detail is provided. The court cannot discern any plausible basis for holding CHC or CCS liable for the conduct of JCS and/or its employees based on the conclusory allegations presented the Fourth Amended Complaint. Therefore, for this additional reason, Plaintiffs' § 1983 claims fail to state a claim against CHC and CCS.

Moreover, in their response to JCS's Motion to Dismiss, Plaintiffs note that the court should be familiar with holdings it made in the *Ray* case. (Doc. # 76 at 3). The court is aware of its rulings in *Ray*. It is also aware of its rulings in the *Woods* case. In both cases, the court closely examined the relationship between JCS, CHC and CCS on a fully developed Rule 56 record. (*Ray, et al. v. Judicial Corrections Services Inc., et al.*, Case No. 2:12-cv-02819-RDP, Doc. # 682; *Woods, et al. v. Columbiana, City of, et al.*, Case No. 2:15-cv-00493-RDP, Doc. # 210). In those cases, the court determined that the Plaintiffs had presented nothing more than a *respondeat superior* argument to attribute JCS's policies to CHC and CCS, which is an insufficient basis to establish their liability under § 1983. (*Woods*, Case No. 2:15-cv-00493-RDP, Doc. # 210 at 12 (citing *Monell v. Department of Social Servs.,*, 436 U.S. 658, 694 (1978)); *Ray,* Case No. 2:12-cv-02819-RDP, Doc. # 682 at 19). And, on that basis, the court granted summary judgment to CHC and CCS in both *Ray* and *Woods*. Therefore, alternatively, for the reasons addressed in those memorandum opinions, Plaintiffs' claims against Defendants CHC and CCS in this case are similarly due to be dismissed. (*Ray,* Case No. 2:12-cv-02819-RDP, Doc. # 682; *Woods*, Case No. 2:15-cv-00493-RDP, Doc. # 210).

### D. Plaintiffs Are Not Due Another Opportunity to Amend

Although a court should generally allow a plaintiff the opportunity to replead at least once, "dismissal of a complaint with prejudice is warranted under certain circumstances." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). Here, on three separate occasions, Plaintiffs have amended their complaint after Defendants filed motions to dismiss on the previous version of the Complaint. And Plaintiffs have had competent counsel at all stages of this litigation.

A "district court is not required to grant a plaintiff [further] leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)).

> [I]f Rule 8(a) and *Iqbal/Twombly* are to have meaning, the district courts have the authority to strike the pleading, dismiss the [claim] with prejudice, and reserve jurisdiction to award the defendant's attorney fees and costs. There is simply a point in litigation when a defendant is entitled to be relieved from the time, energy, and expense of defending itself against seemingly vexatious claims, and the district court relieved of the unnecessary burden of combing through them.

*Jackson*, 898 F.3d at 1361 (Bloom, J., specially concurring).[2]

---

[2] To be clear, the court is not at all surprised that Plaintiffs are unable to plausibly plead factual allegations suggesting that they have viable claims against CHC and CCS. As counsel in this case are aware, this court has addressed claims against CHC and CCS in other cases which contain claims similar to those made against those entities in this case. *See Ray, et al. v. Judicial Corrections Services Inc., et al.*, N.D. AL Case No. 2:12-cv-02819-RDP; *Woods, et al. v. Columbiana, City of, et al.*, N.D. AL Case No. 2:15-cv-00493-RDP. In both *Ray* and *Woods*, based on a fully developed Rule 56 record, the court granted summary judgment to CHC and CCS on the plaintiffs' claims against them because a parent corporation -- which is what CHC was to JCS -- is not liable for the conduct of its subsidiary, and an even more remote corporation -- which is what CCS was in relation to JCS -- is not liable for the conduct of its related company. *Woods*, N.D. AL Case No. 2:15-cv-00493-RDP, Doc. # 210 at 9).

## IV. Conclusion

For all of the alternative reasons discussed above, CHC's and CCS's Motion to Dismiss the Fourth Amended Complaint (Doc. # 74) is due to be granted. A separate order will be entered.

DONE and ORDERED this November 13, 2019.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE