# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EMERSON HAMILTON, et al.,** }<br>}<br>  **Plaintiffs,** }<br>}<br>v.  }<br>}<br>**JUDICIAL CORRECTIONAL SERVICES LLC, et al.,**  }<br>}<br>  **Defendants.** } | Case No.: 2:18-cv-00933-RDP |

## **MEMORANDUM OPINION**

This matter is before the court on Defendant Judicial Correction Services, LLC's Motion to Dismiss the Fourth Amended Complaint. (Doc. # 73). The Motion has been fully briefed. (Docs. # 76 and 79).

**I.    Background**

As noted in the Memorandum Opinion regarding CHC and CCS's Motion to Dismiss (Doc. # 84), this case is one of a series of several cases, primarily putative class action suits, that have been brought against Judicial Correction Services, Inc. ("JCS"), corporate entities related to JCS, and municipalities that contracted with JCS for probation supervision services. (Doc. # 72). In these cases, the court has ruled on numerous motions to dismiss, substantive dispositive motions following discovery, and a motion for class certification. Thus, the court has developed familiarity with the facts underlying Plaintiffs' claims contained within the allegations of the Fourth Amended Complaint.[1]

---

[1] *Thurman, et al. v. Judicial Correction Services*, M.D. AL Case No. 2:12-cv-00724-RDP-TFM; *Ray, et al. v. Judicial Corrections Services Inc., et al.*, N.D. AL Case No. 2:12-cv-02819-RDP; *Chapman, et al. v. JCS, et al.*, M.D. AL Case No. 2:15-cv-0125-RCL; *McCullough, et al. v. JCS, et al.*, M.D. AL Case No. 2:15-cv-463-RCL;

Count I of the Fourth Amended Complaint asserts a direct Violation of Due Process claim against JCS. (Doc. # 72 at ¶¶ 22-43). Counts II, III and IV are Civil Conspiracy claims under 42 U.S.C. § 1983 involving different Municipal Courts. (Doc. # 72 at ¶¶ 44-68). Count V asserts a Money Had and Received claim. (Doc. # 72 at ¶¶ 69-78).

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for

---

*Woods, et al. v. Columbiana, City of, et al.*, N.D. AL Case No. 2:15-cv-00493-RDP; *Carter v. JCS, et al.*, M.D. AL Case No. 2:15-cv-0555-RCL; *Carden v. The Town of Harpersville, et al.*, N.D. AL Case No. 2:15-cv-01381-RDP; *Hall, et al v. Fort Payne, The City of, et al.,* N.D. AL Case No. 4:15-cv-01656-RDP; *Rudolph, et al. v. The City of Montgomery, et al.*, M.D. AL Case No. 2:16-cv-00057-RCL; *Moore, et al. v. Albertville, City of*, N.D. AL Case No. 4:16-cv-00914-RDP; and *Foshee v. Anniston, Alabama, The City of*, N.D. AL Case No. 1:16-cv-01030-RDP .

relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III. Analysis

In their Response to JCS's Motion to Dismiss, Plaintiffs' argue that the court should be able to infer certain elements of their claims, which they are required to plead, from other allegations of the Fourth Amended Complaint. (Doc. # 76 at 1-2). Plaintiffs also suggest that the court should apply certain rulings made in *Ray* in this case and allow certain claims to proceed. (Doc. # 76 at 3). The court reviews and analyzes the allegations of Plaintiffs' Fourth Amended Complaint below.

#### A. Plaintiffs' Fourth Amended Complaint Is An Impermissible Shotgun Pleading

Each count of the Fourth Amended Complaint adopts and incorporates by reference all previous allegations. (Doc. # 72 at ¶¶ 22, 44, 58, 65, and 69). The Eleventh Circuit has explained that "[t]he typical shotgun complaint contains several counts, each one incorporating by

3

reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."). Therefore, under the Eleventh Circuit's definition of a shotgun pleading, Plaintiffs' Fourth Amended Complaint fits the bill. Nonetheless, the court will not dismiss the claims against JCS solely for this reason, but this deficiency should be considered in conjunction with other pleading and legal issues.

### B. Plaintiffs' Due Process Claim

Count I of the Fourth Amended Complaint asserts a due process claim under § 1983. (Doc. # 72 at 4). JCS is a private entity. To be sure, a private entity may under certain circumstances be held liable under § 1983. *Martinez v. Ashtin Leasing, Inc.*, 417 F.App'x. 883, 885 (11th Cir. 2011) (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003)). But, "[t]here are three requirements for imposing § 1983 liability on a private entity acting as a municipality for its policies or customs. "[A] plaintiff must show: (1) that his constitutional rights were violated; (2) that the [entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Harris v. S. Health Partners, Inc.*, 2013 WL 2387740, at *9 (M.D. Ga. May 30, 2013) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). Thus, liability in a § 1983 action only attaches where the entity itself, through a custom or policy, causes the constitutional violation at issue. *Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005). Therefore, to properly state a due process claim

4

against JCS, Plaintiffs must allege that JCS had policies or customs that caused the alleged violation of their constitutional rights.

JCS argues that Plaintiffs have not specifically alleged that a JCS policy or custom caused their constitutional injuries. They note that Plaintiffs have alleged that they were "continuously kept on probation" and that JCS contracted with the municipalities "to impermissibly impose lengthy probations" (Doc. # 72 at ¶¶ 25-40), and that these allegations are conclusory at best with regard to an alleged constitutionally impermissible policy or custom.

Plaintiffs counter by arguing that a policy or custom can be inferred because fifteen Plaintiffs "suffered the same fate as a result of JCS's misconduct." (Doc. # 76 at 2). Plaintiffs ask, "what stronger evidence of JCS's 'policy or custom' to act in this way is fathomable?" (*Id.*). Although this pleading is clearly deficient (there is not even a conclusory allegation regarding a JCS policy), Plaintiffs here gain the benefit of the court's understanding of the factual basis behind the 24-month claim asserted in the *Ray* case. (*Ray, et al. v. Judicial Corrections Services Inc., et al.*, N.D. AL Case No. 2:12-cv-02819-RDP, Doc. # 626 at 12-13, 63-64). Based on the information that came to light regarding JCS's policies, the court will allow these Plaintiffs' direct due process claim to survive JCS's current Motion.

C.     **Plaintiffs' Conspiracy Claims**

Counts II, III and IV are § 1983 conspiracy claims. To properly allege a conspiracy under § 1983, "the plaintiff must allege, among other things, that the defendants 'reached an understanding to violate his rights.'" *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 890 (11th Cir. 2007) (quoting *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002)). That is, "a plaintiff must make 'particularized allegations' that are more than vague or conclusory." *Albra*, 232 F. App'x at 891 (quoting *GJR Invs., Inc. v. County of Escambia,*

5

*Florida*, 132 F.3d 1359, 1370 (11th Cir. 1998) and *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)).

Although Defendant contends that Plaintiffs make the conclusory allegation that JCS "conspired" with the Municipal Courts "to violate the rights of the Plaintiffs . . ." (Doc. # 72 at ¶¶ 45, 59 and 66), the court notes that Plaintiffs further allege that the Municipal Courts "issued arrest warrants" "[a]t the insistence and specific request of JCS" (Doc. # 72 at ¶¶ 46, 60 and 67), and that "the printed 'acknowledgement of waiver of counsel' forms created by [JCS]" evidences the agreement and conspiracy to deny the plaintiffs constitutional rights" (Doc. # 72 at ¶¶ 47, 61 and 68). Although not a model of clarity, and lacking specific mention of a policy or custom, the court finds that, again in light of its experience with the *Ray* and *Woods* cases, the allegations made in Counts II and III are roughly sufficient to state actionable conspiracy claims against JCS under § 1983.

Count IV is a different matter. Not only does Count IV fail to plead dates and times of any alleged conspiracy, it also fails to identify who was injured by the alleged conspiracy and when they were injured. Count IV's bare, conclusory allegations leave the court with no idea on behalf of which Plaintiffs it is asserted. Therefore, Count IV is due to be dismissed for failure to state a claim. *See Grider v. Cook*, 590 F. App'x 876, 881 (11th Cir. 2014).

### D. Plaintiffs' Money Had And Received Claim Is Due to Be Dismissed

"The cause of action for money had and received 'is based upon the theory that one person shall not be unjustly enriched at the expense of the other, and is equitable in nature. That is to say, the action lies wherever one has received and holds money which in good conscience belongs to another, or where one wrongfully converts the property of another the tort may be waived and an action brought for the proceeds arising from such conversion.'" *Azalea City*

*Motels, Inc. v. First Alabama Bank of Mobile*, 551 So. 2d 967, 978 (Ala. 1989) (quoting *Christie v. Durden*, 205 Ala. 571, 572, 88 So. 667, 668 (1921)).

In Count V, Plaintiffs allege that JCS's fees, which were charged pursuant to its contracts with the municipalities, were unauthorized. (Doc. # 72 at ¶¶ 74-75). JCS argues that this money had and received claim is due to be dismissed because (1) it is barred by the *Rooker-Feldman* doctrine, and, in any event, (2) the probation fees charged by JCS are authorized by statute. JCS is correct on both accounts.

The fees referenced in Count V are the probation-supervision fees and set-up fees that the various municipal courts ordered Plaintiffs to pay to JCS. (Doc. 72 at ¶ 70). The court is aware from its handling of *Ray, Woods,* and *Thurman*, that those fees are imposed in Probation Orders issued by the Municipal Courts. *See, e.g., Woods, et al. v. Columbiana, City of, et al*., N.D. AL Case No. 2:15-cv-00493-RDP, Doc. # 228 at 4 ("The Probation Orders [] instructed that the probationer pay JCS '$35.00 for each month on probation' and 'a one time $10.00' charge." (Doc. # 183-11))).

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to adjudicate the validity of a state court order. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). As the Eleventh Circuit explained:

> The doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 163 L.Ed.2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine bars federal jurisdiction "where the issue before the federal court [i]s 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Alvarez v. Attorney Gen. of Fla*., 679 F.3d 1257, 1262−63 (11th Cir. 2012) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

*Thurman v. Judicial Correction Servs., Inc.*, 760 F. App'x 733, 736 (11th Cir.), *cert. denied*, 139 S. Ct. 2646, 204 L. Ed. 2d 284 (2019). In *Thurman*, the Eleventh Circuit held that the *Rooker-Feldman* doctrine barred a claim by a plaintiff seeking return of fees paid to JCS pursuant to a probation order that was unsigned. 760 F. App'x 736-37. As the *Thurman* Court stated, a federal district court cannot even "peer into Alabama law to determine whether an order must be signed because the *Rooker-Feldman* doctrine bars federal courts from adjudicating the validity of state court orders." *Id*. at 737.

Count V of Plaintiffs' Fourth Amended Complaint asks the court to hold that the fees imposed in the Probations Orders were unlawful. (Doc. # 72 at ¶¶ 69-78). Therefore, that claim is barred by the *Rooker-Feldman* doctrine.

Additionally, Count V fails to state a claim because the challenged fines are authorized by Alabama law. Alabama law allows a court wide discretion to determine the conditions of probation, and those conditions may include costs imposed on the probationer. Ala. Code § 12–14–13(d)(7); Ala. R. Crim. P. 27.1, Editors' Notes, Committee Comments. Indeed, if supervised by the Board of Pardons and Paroles, a probationer must pay $40 a month, which is in effect similar to the supervision fee that was charged by JCS. Ala. Code. § 15–22–2(a)(1). "Although the court has not found an Alabama statute expressly permitting state courts to order probation fees paid to private corporations, it also has not found a statute expressly limiting a municipal court's wide discretion to determine probation conditions." *Woods v. Judicial Correction Servs., Inc.*, 2019 WL 2388995, at *15 (N.D. Ala. June 5, 2019); *see also Ray v. Judicial Correction Servs., Inc.*, 270 F. Supp. 3d 1262, 1301 (N.D. Ala. 2017).

Because the challenged fees are authorized by statute, and because they are imposed by the municipal court's Probation Orders, Plaintiffs are barred from proceeding on their claim in Count V.

### E. Plaintiffs Are Not Due Another Opportunity to Amend

Although a court should generally allow a plaintiff the opportunity to replead at least once, "dismissal of a complaint with prejudice is warranted under certain circumstances." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). Here, on three separate occasions, Plaintiffs have amended their complaint after Defendants filed motions to dismiss on the previous version of the Complaint. Plaintiffs have had competent counsel at all stages of this litigation.

A "district court is not required to grant a plaintiff [further] leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)).

> [I]f Rule 8(a) and *Iqbal/Twombly* are to have meaning, the district courts have the authority to strike the pleading, dismiss the [claim] with prejudice, and reserve jurisdiction to award the defendant's attorney fees and costs. There is simply a point in litigation when a defendant is entitled to be relieved from the time, energy, and expense of defending itself against seemingly vexatious claims, and the district court relieved of the unnecessary burden of combing through them.

*Jackson*, 898 F.3d at 1361 (Bloom, J., specially concurring).

## IV. Conclusion

For all of the reasons discussed above, JCS's Motion to Dismiss the Fourth Amended Complaint (Doc. # 73) is due to be granted in part and denied in part. A separate order will be entered.

DONE and ORDERED this November 13, 2019.

                                          _____
                                          R. DAVID PROCTOR
                                          UNITED STATES DISTRICT JUDGE